**FILED**
**HARRISBURG, PA**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

FEB 21 2012

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

| | |
|---|---|
| Joseph Alex Martin | : |
| Plaintiff | : |
| | : |
| v. | :   CIVIL CASE NUMBER:  1:CV-12-332 |
| | : |
| VeriFacts, Inc. | : |
| Defendant | : |

### COMPLAINT

1. The plaintiff, Joseph Alex Martin, a citizen of the County of Cumberland, State of Pennsylvania, residing at 132 N Pitt St, Apt #1, Carlisle, PA 17013, wishes to file a complaint under the Fair Debts Collection Practices Act (15 U.S.C. § 1692, et seq. hereinafter "FDCPA", and the Fair Credit Reporting Act (15 U.S.C. § 1681, et seq. hereinafter "FCRA".)

2. The defendant is VeriFacts, Inc., an Illinois Corporation with a business address of 204 1st Avenue, Sterling, Il. 61081.

3. STATEMENT OF CLAIM: On December 5th, 2011, defendants obtained copies of credit reports belonging to the plaintiff with a consumer reporting agency, citing "COLLECTION PURPOSE" as the permissible purpose of said credit report request.

   On December 6th, 2011, plaintiff sent via facsimile to the attention of Sheila Gabler, co-owner, executive vice president, ethics contact, and agent for the defendant, a demand for the permissible purpose of said credit report request, and a notice of dispute.

   Said letter stated:

   "I hereby demand the basis for the inquiry which your company made on my credit report. Failure to immediately provide the basis for said credit report inquiry will be an admission that said credit report inquiry was without a legal basis, as governed by the Fair Credit Reporting Act.

   In which case, I will see your agency in the United States District Court for the Middle District of Pennsylvania Harrisburg Division.

   Furthermore, this is hereby notice that any alleged account that your agency is alleging to be collecting is completely disputed in its entirety in accordance with the Fair Debts Collection Practices Act."

On December 7th, Kerri Pierceson, of the defendant's Compliance & Privacy Department sent to plaintiff a letter which stated: "We received a letter from you dated 12-6-11 requesting information related to a credit report inquiry. It is our practice to insure that information relating to a credit report inquiry is only shared with the appropriate consumer. We take these measures to protect the privacy of the information and to safeguard against unauthorized access to sensitive information.

Along with a signed letter detailing your concern or request we must also receive the following two (2) forms of identification,
* One must be a clear and legible copy of a photo ID that shows your name and address (A valid driver's license or state ID will suffice).
* One must be a copy of a recent utility bill (phone, cell phone, electric or gas) that clearly shows your name and address (as listed above).

Verifacts appreciates your concern and will attempt to bring resolution to this matter as quickly as possible. Upon receiving the full and complete information above we will respond to you with resolution."

The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting their own debts, uses any name other than their own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 808(6), such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."

By defendant's certification that their permissible purpose of obtaining the consumer report was for a collection purpose, and that the plaintiff has no alleged debt with the defendant, any account that the defendant is attempting to collect for would have to be allegedly due another, thus the defendant is a debt collector, as defined by the FDCPA.

The FDCPA requires that a debt collector notify the consumer that all communications are from a debt collector, and that any information obtained would be used for that purpose. The letter dated December 7, 2011 provides no such notice.

A debt collector is also required under the FDCPA to notify the consumer within five days of the initial communications that the consumer has a right to obtain verification of the alleged debt and the name and address of the alleged original creditor.

More than a month following the initial communications from the defendants and no such notice has been received. Not only did the defendant fail to provide said notice advising the plaintiff of said rights, but they specifically refused to honor the plaintiff's request for validation of the debt, that was included in the December 6, 2011 letter.

The information demanded by the defendant serves no viable use to "protect the privacy of the information and to safeguard against unauthorized access to sensitive information", since the plaintiff already had documentation that the defendants had obtained the plaintiff's credit report. The only value of the information demanded by the defendant is for its probative value to its alleged client – to obtain proof of residency from a photo identification card, and utility bills. That information only serves the collection purpose.

Thus the letter dated December 7, 2011 is continued collection activity following the receipt of a demand for validation of the debt, which by said letter was acknowledged to have been received on December 6, 2011.

As the defendant refused to provide proof of the valid basis of the permissible purpose of the obtaining of their credit report, the plaintiff can only assume that there is in fact none, therefore argues that the permissible purpose was invalid, and the obtaining of their credit report on December 5th, was an illegal obtaining of their credit report in violation of the FCRA.

4. WHEREFORE, plaintiff prays that the defendant be ordered to pay to the plaintiff, damages in the amount of $1,000.00 for the violation of the FDCPA; and $1,000.00 for the violation of the FCRA.

    The plaintiff therefore prays for additional damages for invasion of privacy, and harassment, in whatever amount the court determines is fair and equitable in this matter.

    The plaintiff prays for a trial by jury.

*Joseph Alex Martin*
Joseph Alex Martin
Plaintiff

Monday, February 20, 2012